UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY et al.,<br><br>                      Plaintiffs,<br><br>-against-<br><br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,<br><br>                      Defendant. | 24-CV-8133 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiffs request that the Court so-order two subpoenas to be served on the New York City Department of Environmental Protection and Department of Transportation, which "informed [plaintiffs] that any subpoenas . . . must be so-ordered and signed by the Court." Dkt. 23.

The Court finds the following analysis in *Anderson v. City of New York*, 2009 WL 3731973 (E.D.N.Y. Nov. 6, 2009), persuasive:

> Although complying with the plaintiff's request would be a relatively simple task . . . the court declines to do so. The Federal Rules of Civil Procedure plainly authorize the plaintiff's counsel to issue and sign subpoenas of the type the plaintiff wishes to serve here. Thus, a subpoena signed by the plaintiff's counsel is a mandate of the court sufficient to require compliance . . . There is no exception in the rule for subpoenas issued to . . . any . . . public agencies, and the court is loathe to create one *de facto*. To do so would simply invite others to ignore subpoenas that are not "so ordered." *Id.* at *1 (citation omitted).

If the two city agencies refuse to respond to plaintiffs' subpoena, plaintiffs may move to compel compliance. Alternatively, the city agencies may move to quash the subpoena. So plaintiffs' request for the Court to so-order the subpoenas is DENIED.

SO ORDERED.

Dated: February 25, 2025
       New York, New York

                                                      ARUN SUBRAMANIAN
                                                      United States District Judge