Defendant moved to dismiss on the basis of lack of diversity jurisdiction. In response to the motion, plaintiff FM amended the complaint to clarify that the non-diverse insureds were not plaintiffs and that no claim was being made for the deductibles that those insureds may be owed. For this reason, the pending motion to dismiss is denied. *See St. Paul Fire & Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 80-81 (2d Cir. 2005). The Clerk of Court is respectfully directed to terminate Dkt. 22. The request to stay discovery is denied as moot.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 29, 2025

THOMAS FANIZZI
SENIOR COUNSEL
TFANIZZI@GRSM.COM

**GRSM50**
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM

ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

April 25, 2025

**Via ECF Upload**
Honorable Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Factory Mutual Insurance Company a/s/o Thor Equities, LLC, et al. v. Consolidated Edison Company of New York Inc.
Case No. 1:24-cv-08133-AS

Dear Judge Subramanian,

I write to respectfully to follow up on the motion to dismiss and for a stay of discovery filed by the undersigned on behalf of our client Consolidated Edison Company of New York Inc. ("Con Edison") in the above-referenced matter.

As detailed in Con Edison's Memorandum of Law in Support of its Motion to Dismiss, Con Edison has raised significant jurisdictional issues that must be resolved before proceeding further in this case. Specifically, Con Edison has argued that complete diversity is lacking, which is a threshold issue that impacts the Court's subject matter jurisdiction.

Given the importance of resolving these jurisdictional questions, we respectfully request that the Court hold all discovery obligations in abeyance pending the outcome of Con Edison's motion to dismiss. Staying discovery at this juncture will prevent unnecessary expenditure of resources and avoid potential prejudice to the parties.

Furthermore, given that Con Edison's pre-answer motion remains pending it is respectfully requested that the April 30, 2025 deadline for impleaders as delineated in the February 13, 2025 Case Management Plan and Scheduling Order (ECF Doc. 21) be extended. Prejudice will result to the extent that the motion is denied, and Con Edison is compelled to interpose an answer after the deadline for impleaders has expired. Accordingly, Con Edison respectfully requests that the time for impleaders be extended 14 days after Con Edison is compelled to interpose an answer to the extent Con Edison's motion is denied.

Page 2

      Given these deadlines, it is crucial to address the jurisdictional issues to avoid unnecessary discovery efforts and to avoid any prejudice. Con Edison has made a strong showing that the motion to dismiss is likely to be granted, and the requested stay will not prejudice the plaintiffs. On the contrary, proceeding with discovery before resolving the jurisdictional issues could result in significant and unnecessary burdens on all parties involved and may result in substantial prejudice to the extent Con Edison is compelled to interpose an answer after the time for impleaders has expired.

      We appreciate the Court's attention to this matter and respectfully request that discovery obligations be held in abeyance and that the time for impleaders be extended to 14 days after Con Edison is compelled to interpose an answer in the event Con Edison's motion to dismiss is denied.

      Thank you for your consideration.

                                                Respectfully Submitted,

                                                Gordon Rees Scully Mansukhani, LLP

                                                */s/ Thomas Fanizzi*

                                                Thomas Fanizzi

TF/nb

CC: *All Parties via ECF Upload.*