**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
FACTORY MUTUAL INSURANCE COMPANY a/s/o THOR EQUITIES, LLC, THOR MANAGEMENT COMPANY, LLC NO ORDINARY DESIGNER LABEL LIMITED A/K/ TED BAKER, LTD., AND PUMA NORTH AMERICA, INC,

                Plaintiff,

   -against-

CONSOLIDATED EDISON COMPANY OF NEW YORK INC.,

                Defendant.
----------------------------------------------------------------------X

1:24-cv-08133-AS

**PROTECTIVE ORDER**

**ARUN SUBRAMANIAN, U.S.D.J.**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. "Confidential Information" shall mean all documents and testimony, and all other information contained therein, and other information designated as confidential, if such

1

confidential information contained trade secrets, proprietary business information, competitively sensitive information, sensitive Con Edison infrastructure information including but not limited to maps and plates, that detail the location, configuration, and specifications of Con Edison's electric, gas, and steam facilities that could pose health and safety risks if disclosed or otherwise obtained by bad actors and/or that may potentially inform a terrorist attack on the power system of New York City, private or sensitive customer information, private or sensitive employee information, including but not limited to medical or disciplinary records, or other information disclosure of which in good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients, or would otherwise infringe upon the privacy rights of that party's customers or employees.

3. The person producing any given Discovery Material may also designate as Confidential such portion of such material as consists of: previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   a. previously nondisclosed material relating to ownership or control of any non-public company;
   b. previously nondisclosed business plans, product development information, or marketing plans;
   c. any information of a personal or intimate nature regarding any individual;
   d. any other category of information hereinafter given confidential status by the Court.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the parties to this action;

    b. the requesting party and counsel, including in-house counsel;

    c. Con Edison Law Department employees assigned to and necessary to assist in this litigation;

    d. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

3

    e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    g.  any person from whom testimony is taken or is to be taken in this litigation, except that such person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    h.  any person retained by a party to serve as consultant or an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    i.  stenographers engaged to transcribe depositions conducted in this action; and

    j.  the Court and its support personnel.

7.  Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a.  Inform the person of the confidential nature of the information or documents; and

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8.  All Confidential Discovery Material filed with the Court, and all portions of pleadings,

motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon

permission of the producing person, destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

_____
**RIVKIN RADLER LLP**
Michael P. Welch, Esq.
Jessica F. Lynch, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3523
Michael.Welch@rivkin.com
Jessica.Lynch@rivkin.com
*Attorneys for Plaintiff Factory Mutual Insurance Company*

Dated: April 30, 2025

 /s/ *Thomas R. Fanizzi*_____
**GORDON REES SCULLY MANSUKHANI, LLP**
Thomas R. Fanizzi, Jr., Esq.
Brian Middlebrook, Esq.
1 Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 453-0708
TFanizzi@grsm.com
 BMiddlebrook@grsm.com
*Attorneys for Defendant Consolidated Edison Company of New York, Inc.*

Dated: April 30, 2025

**SO ORDERED**

_____
**ARUN SUBRAMANIAN, U.S.D.J.**

Dated:  July 28, 2025
           New York, New York

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
FACTORY MUTUAL INSURANCE COMPANY a/s/o
THOR EQUITIES, LLC, THOR MANAGEMENT
COMPANY, LLC NO ORDINARY DESIGNER LABEL
LIMITED A/K/ TED BAKER, LTD., AND PUMA
NORTH AMERICA, INC,

       1:24-cv-08133-AS

       **NON-DISCLOSURE AGREEMENT**

    Plaintiff,

 -against-

CONSOLIDATED EDISON COMPANY OF NEW
YORK INC.,

    Defendant.
---------------------------------------------------------------------X

 I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

 By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

**DATED:** _____      **BY:** _____

                   4937-4389-3564, v. 1